IN THE UNITED STATES BANKRUPTCY COURT
FOR THE MIDDLE DISTRICT OF FLORIDA
ORLANDO DIVISION
www.flmb.uscourts.gov

In re:
Richard A. Pizzuti and                                            CASE NO. 6:10-bk-12098-ABB
Sharon L. Pizzuti,
                                                                  CHAPTER 7
Debtors.
_____/

Carlton Ralph, Patrick Boyle, Joseph Ghannoum,
Tracey Riley, Judy Rogers, GlobalCon, Inc., and ETI

Plaintiffs,

vs.

Richard A. Pizzuti and
Sharon L. Pizzuti,

Defendants.
_____/

**COMPLAINT PURSUANT TO 11 U.S.C. §523, 11 U.S.C. §727(a) AND 11 U.S.C. § 707(b)**

     Plaintiffs Carlton Ralph, Patrick Boyle, Joseph Ghannoum, Tracey Riley, Judy Rogers, GlobalCon, Inc., and ETI (collectively "Creditors") by and through undersigned counsel, object to the discharge of the Defendants and the dischargeability of the Defendants' debt to the Plaintiffs; seeking the denial of the Debtor's discharge pursuant to 11 U.S.C. § 523(a)(4) and (a)(19), 11 U.S.C. § 727(a)(2), (a)(3), (4)(A), (4)(D) and (5) and, alternatively, to dismiss pursuant to 11 U.S.C. § 707(b) and F.R.B.P. 4004

In support of this complaint, the Plaintiffs state and aver as follows:

**JURISDICTION**

     1. On July 9, 2010, Richard A. Pizzuti and Sharon L. Pizzuti (the "Debtors") filed a Voluntary Petition for Relief under Chapter 7 of the Bankruptcy Code pursuant to Chapter 7 of Title 11of the United States Bankruptcy Code in the United States Bankruptcy Court for the Middle District of Florida. The Petition was assigned case number 6:10-bk-12098-ABB.

     2. This proceeding is brought pursuant to 11 U.S.C. §523(a)(4), §523(a)(19), §727(a) and §707(b). This matter arises in the bankruptcy case of Richard A. Pizzuti and Sharon L. Pizzuti (the "Debtors"), under 11 U.S.C. § 727, 11 U.S.C. § 707(b) and F.R.B.P. 4004.

3. This Court has jurisdiction over this adversary proceeding pursuant to 28 U.S.C. §§157, 1334 and 1409 as well as Federal Rule of Bankruptcy Procedure 7001, and 11 U.S.C. §523. The United States District Court for the Middle District of Florida has jurisdiction to hear and decide this matter pursuant to 28 U.S.C. § 1334 because this matter arises in and is related to a case filed under title 11, United States Code.

4. This is a core proceeding. This matter at bar is a core matter pursuant to 28 U.S.C. § 157(b)(2)(J) because it is an objection to a discharge of debtor.

## **STANDING**

5. Defendants Richard A. Pizzuti and Sharon L. Pizzuti listed Plaintiffs as creditors of Defendants in the Debtor's schedule. Plaintiffs have standing to bring this complaint pursuant to 11 U.S.C. § 727(c)(1) and 727(c)(2).

## **VENUE**

6. Venue of this matter is proper, pursuant to 28 U.S.C. § 1409(a), in the United States Bankruptcy Court for the Middle District of Florida because the Debtor filed under Title 11, United States Code, in the Middle District of Florida, and this matter arises in and is related to that case under Title 11, United States Code.

## **BACKGROUND FACTS COMMON TO ALL COUNTS**

7. At various times from 2005 to present, Defendants solicited funds from Plaintiffs for the purpose of business loans and/or the purchase of securities whereby the Defendant agreed to return principle and interest over the given period of the loan, note or terms of the security.

8. Plaintiffs collectively transferred in excess of two million dollars ($2,000,000) to Defendants during this time.

9. In each instance that Plaintiffs transferred funds to Defendants, Defendants made fraudulent representations as to the use of funds.

10. In most, if not every instance, Defendants actually failed to use these funds in the way(s) disclosed to Plaintiffs.

## **ALLEGATIONS OF WRONGDOING UNDER 11 U.S.C. §523, §727(a) AND § 707(b)**

11. Debtors used acted with fraud or defalcation while acting in a fiduciary capacity, embezzlement, or larceny, a violation of 11 U.S.C. §523(a) (4).

12. Debtors by and through their actions violated the Federal securities laws (as that term is defined in section 3(a)(47) of the Securities Exchange Act of 1934), any of the State securities laws, and regulations issued under such Federal or State securities laws, in violation of 11 U.S.C. §523(a) (19).

13. Debtors by and through their actions committed common law fraud, deceit, or manipulation in connection with the purchase and/or sales of securities, in violation of 11 U.S.C. §523(a)(19)(ii).

14. Debtors used fraudulent means to solicit and obtain funds for purported securities investments.

15. Debtor's debt to Plaintiffs is not dischargeable under 11 U.S.C. §523(a)(4) and §523(a)(19).

16. Debtors have with intent to hinder, delay, or defraud a creditor or an officer of the estate charged with custody of property under this title, has transferred, removed, destroyed, mutilated, or concealed, or has permitted to be transferred, removed, destroyed, mutilated, or concealed property of the debtors, within one year before the date of the filing of the petition, a violation of 11 U.S.C. § 727(a)(2).

17. Debtors have concealed, destroyed, mutilated, falsified, or failed to keep or preserve any recorded information, including books, documents, records, and papers, from which the debtor's financial condition or business transactions might be ascertained, unless such act or failure to act was justified under all of the circumstances of the case, a violation of 11 U.S.C. § 727 (a)(3).

18. Debtors knowingly and fraudulently, in or in connection with the case made a false oath or account, a violation of 11 U.S.C. § 727 (4)(A).

19. Debtors withheld from an officer of the estate entitled to possession under this title, any recorded information, including books, documents, records, and papers, relating to the debtor's property or financial affairs, a violation of 11 U.S.C. § 727 (4)(D).

20. Debtors have failed to explain satisfactorily, before determination of denial of discharge under this paragraph, any loss of assets or deficiency of assets to meet the debtor's liabilities, a violation of 11 U.S.C. § 727(a)(5).

21. This Court, on its own motion or on motion by a party of interest, may dismiss a case filed by an individual debtor under Chapter 7 whose debts are primarily consumer debts if it finds that the granting of relief would be a substantial abuse of the provisions of Chapter 7 as allowed under 11 U.S.C. § 707(b).

WHEREFORE, Carlton Ralph, Patrick Boyle, Joseph Ghannoum, Tracey Riley, Judy Rogers, GlobalCon, Inc., and ETI respectfully request that this Court enter a judgment

    A. determining that Defendants are not entitled to a discharge in bankruptcy for their debts to Plaintiffs, together with an order for costs and expenses;

B. determining that Defendants are not entitled to a discharge in bankruptcy for her debts under 11 U.S.C. §727(a), or alternately, to dismiss under 11 U.S.C. § 707(b), together with an order for costs and expenses;

C. and for such other and further relief as this Court deems just and proper.

Dated this 30th day of December 2010.

                                            Respectfully submitted,

                                            */s/ Eric M. Rolinson*
                                            ERIC M. ROLINSON, ESQ.
                                            Florida Bar No. 0077595
                                            Emeritus, P.A.
                                            2700 Westhall Lane, Suite 135
                                            Maitland, FL  32751
                                            407-477-4559 (phone)
                                            321-396-7631 (fax)
                                            e-mail: eric@emerituslaw.com

## CERTIFICATE OF SERVICE

I HEREBY CERTIFY that I have filed a copy of the foregoing document with this Court's CM/ECF System to be served in accordance therewith and that a copy of the foregoing document was served this 30th day of December, 2010, on the following parties by either court enabled electronic filing or by depositing a copy of same in the United States Mail, postage prepaid thereon, to be delivered to the addresses set forth below:

| | |
|---|---|
| | **United States Trustee - ORL7** |
| | 135 W Central Blvd., Suite 620 |
| **Richard A. Pizzuti** | Orlando, FL 32801 |
| **Sharon L. Pizzuti** | 407-648-6301 |
| 5380 Deep Woods Court | USTP.Region21.OR.ECF@usdoj.gov |
| Sanford, FL 32771 | |
| | **George E. Mills, Jr.** |
| | Post Office Box 995 |
| **David R McFarlin** | Gotha, FL 34734-0995 |
| Wolff, Hill, McFarlin & Herron, PA | 407-292-5780 |
| 1851 West Colonial Drive | gmills1814@cfl.rr.com |
| Orlando, FL 32804 | |
| 407-648-0058 | |
| dmcfarlin@whmh.com | */s/Eric M. Rolinson* |
| | Eric M. Rolinson |